# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARLOS VALLE, | Case No. CV 20-8927-AB (JEM) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY |
| RALPH DIAZ, | |
| Respondent. | |

On September 28, 2020, Robert Carlo Valle ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his conviction in Los Angeles County Superior Court Case No. KA069727. (Petition at 2.)

**PRIOR PROCEEDINGS**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in this Court, Robert Carlos Valle v. S. Scribner, Case No. CV 08-2330-AHM (JEM) ("Valle I"). See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") (citations omitted); accord United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

On April 8, 2008, in Valle I, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged his conviction in Los Angeles County Superior Court Case No. KA069727. (Valle I, Dkt. No. 1 at 2.) On October 14, 2010, the Magistrate Judge issued a Report and Recommendation, recommending that the petition in Valle I be denied on the merits and the action be dismissed with prejudice. (Id., Dkt. No. 23.) On November 10, 2010, the Court issued an Order Adopting Findings, Conclusions, and Recommendations of United States Magistrate Judge, an Order Denying Certificate of Appealability, and a Judgment dismissing the action with prejudice. (Id., Dkt. Nos. 25-27.) Petitioner did not file a notice of appeal.

On September 28, 2020, Petitioner filed the instant Petition, in which he challenges the same conviction at issue in Valle I.

**DISCUSSION**

I. **Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2. The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

II. **The Petition Is Subject to Summary Dismissal as an Unauthorized Second or Successive Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part:

2

>  (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>  (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]
>  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>  (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

    A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals. Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

3

The instant Petition is a second or successive petition challenging the same conviction at issue in Valle I, which was adjudicated on the merits. There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court, therefore, lacks jurisdiction over the Petition under 28 U.S.C. § 2244(b)(3). See Burton, 549 U.S. at 152-53.

Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if he obtains permission from the Ninth Circuit to file a second or successive petition.

### III. The Petition Also Should Be Referred to the Ninth Circuit for Consideration as an Application for Leave to File a Second or Successive Petition

Ninth Circuit Rules 22-3(a) provides:

> An applicant seeking authorization to file a second or successive 28 U.S.C. section 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under section 2254 or 2255. See Form 12. An original in paper format of the application must be filed . . . unless the application is submitted via Appellate CM/ECF. No filing fee is required.
>
> If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.
>
> *If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.*

Ninth Cir. R. 22-3(a) (last rev. July 1, 2016) (emphasis added).

As set forth above, the Petition is an unauthorized second or successive petition over which this Court lacks jurisdiction. There is no indication that the Petition was mistakenly filed in the district court. However, the Court finds that it would be in the interests of justice to refer the Petition to the Ninth Circuit before dismissing it without prejudice for lack of subject matter

jurisdiction.  See Ciotta v. Frauenheim, No. LA CV 18-09213-VBF-AS, 2018 WL 6025845, at *3 (C.D. Cal. Nov. 8, 2018) (referring successive habeas petition to Ninth Circuit within discretion granted by Ninth Circuit Rule 22-3(a) and dismissing action without prejudice for lack of jurisdiction); see also Burts v. Hatton, No. CV 17-8775 DDP (JC), 2018 WL 3435397, at *1 (C.D. Cal. July 13, 2018), appeal filed, No. 18-56046 (9th Cir. Aug. 1, 2018) (same); Thomas v. Asuncion, No. EDCV 18-1605 CAS (FFM), 2018 WL 4027105, at *2 (C.D. Cal. Aug. 20, 2018) ("After reviewing numerous district court cases in this circuit, the Court concludes that simultaneous referral and dismissal is appropriate.") (citing Cielto v. Hedgpeth, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014) (collecting district court cases)).

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice as an unauthorized second or successive petition.  For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

**ORDER**

IT IS HEREBY ORDERED:

(1) Pursuant to Ninth Circuit Rule 22-3(a), the Court REFERS the Petition to the Ninth Circuit for consideration as an application for leave to file a second or successive habeas corpus petition.

"Petitioner is advised that this referral alone does not constitute compliance with Circuit Rule 22-3 and 28 U.S.C. § 2255(h).  Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the requisite showing" to convince the Ninth Circuit to grant him leave to file this second-or-successive habeas petition."  Henderson v. Madden, No. LA CV 16-02003-VBF (AGR), 2016 WL 4009873, at *3 n.1, *5-6 (C.D. Cal. June 3, 2016) (collecting cases in which Ninth Circuit district courts issued this advisement to pro se habeas

petitioners).  Petitioner is directed to consult this statute and Ninth Circuit Rule 22-3 for further information.

(2) The Clerk shall send copies of the Petition and this Order to the Ninth Circuit.  The Clerk also shall mail Petitioner a copy of Ninth Circuit Rule 22-3 and Ninth Circuit Court of Appeals Form 12, entitled "Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255."

(3) The Petition is DISMISSED without prejudice to its refiling after Petitioner obtains permission to do so from the Ninth Circuit.[1]

(4) A certificate of appealability is DENIED.

(5) Judgment shall be entered accordingly.

IT IS SO ORDERED.

DATED: October 15, 2020

ANDRE BIROTTE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus.  He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today.  When Petitioner files a new petition, the Court will give the petition a new case number.